## AUTHORITY OF AN AGENT EMPLOYED TO NEGOTIATE AN EXCHANGE OF PROPERTY.

Circuit Court of Cuyahoga County.

Anna M. Potter v. Leon A. Potter and Henry Veelman.

Decided, January 22, 1912.

*Agency—Authority of Agent—Estoppel.*

1. An agent authorized to make an exchange of properties, is not authorized to accept a deed conveying property accepted in exchange for his principal's property to any one else than his principal.

2. An estoppel from statements made does not arise in favor of one who had no knowledge of the statements at the time he acted.

*Tanney & Barber,* for plaintiff.
*William Gordon* and *H. Neff,* contra.

Marvin, J.; Winch, J., and Niman, J., concur.

The plaintiff, in her petition, sets out that she is the owner of certain real estate described therein, and that she became such owner on the 5th day of June, 1907. She says she is the owner of this property, and she relates a certain transaction which will be hereafter mentioned as showing how it comes that Henry Veelman claims any interest in the described premises. She says that by reason of certain facts named in her petition, Veelman claims to be the owner of the premises. The defendant Leon A. Potter is the husband of Anna M. Potter.

Veelman denies the allegations of the petition, and sets up in his cross-petition that he is the owner of the premises and prays to have a decree entered that the premises belong to him.

The facts are that the premises described were purchased by Anna M. Potter and her husband, Leon A. Potter, the deed for the same was placed in Susan M. Conian, the mother of the plaintiff. She held the property in trust for Anna and her husband. On the 5th day of June, 1907, by arrangement between Susan M. Conian and the plaintiff and her husband Leon

A. Potter, the said Susan M. Conian executed a warranty deed of said premises to the plaintiff, and delivered such deed to her. There was a suggestion on the trial that this deed was never delivered by Mrs. Conian to Anna M. Potter, but the evidence shows that before the present suit was begun, Anna M. Potter had this deed with her, and carried it to the office of L. Z. Tanney, attorney at law at this bar, and an attorney in this case. Subsequently, and without the knowledge of said plaintiff, her name as grantee in this deed was erased and the name of one Benjamin R. Blase substituted therefor.

This deed to Anna M. Potter had never been recorded; nevertheless, it being in the possession of Anna M. Potter, the legal title in the premises was thereby in her. There being, however, no record of this fact, the legal title appeared by the record to stand in her grantor, Susan M. Conian, until the deed which had been made to Anna M. Potter and was altered so as to make it appear that Blase was the grantee, was recorded. That deed being recorded, the record of deeds of the county would make it appear that the legal title of this property was in Blase.

Veelman owned a piece of real estate in Ashtabula county, Ohio, which he was desirous of exchanging for property in Cleveland, as this property claimed by the plaintiff was. Negotiations took place between Veelman and Leon A. Potter and Blase by which it was agreed between them that the Ashtabula county property owned by Veelman should be exchanged for the property here claimed by the plaintiff. Veelman went to the house of the Potters, that being the house on the premises involved in this litigation, and the plaintiff learned that these negotiations were going on. She had no intimation at this time that the title did not stand in her; no intimation had come to her of this change of the deed, which change was made fraudulently by somebody, probably by her husband and Blase. Nothing in the evidence indicates that the plaintiff had any idea that an exchange was to be made, except that the Ashtabula property was to be conveyed to her in exchange for her city property; nor had she any idea that the contract would be completed until she should have executed a deed conveying the city property to Veelman.

Veelman understood that it was the plaintiff's property, but before the exchange was completed by the delivery of deeds from one party to the other he found that the title apparently was in Blase, and so he accepted a deed from Blase of this city property, and he conveyed by deed to Blase the Ashtabula county property. Mrs. Potter never vacated the premises which she here claims. In short, by the acts of Leon A. Potter and Blase both the plaintiff and the defendant Veelman were deceived and defrauded.

It is urged on the part of Veelman that the plaintiff held out to him that her husband was her agent for this exchange, and that whatever was done by her husband was to be held as having been done by her. The evidence is such as to justify the conclusion that she did understand that her husband would examine the Ashtabula property and determine whether it was best to make the exchange, but there was nothing that could suggest that she was to accept as consideration for the deed of the city property a deed of the Ashtabula property made to Blase.

It is further claimed on behalf of Veelman that Mrs. Potter is estopped from claiming that she was the owner, equitable or otherwise, of this city property, because of testimony given by her in bankruptcy proceedings in which her husband was adjudged a bankrupt. In that proceeding she seems to have testified that neither she nor her husband had any property (this deed of the property in controversy was in the name of her mother), but Veelman knew nothing of this testimony. He did not rely on it. As against him she is not estopped from making claim that she owned the property, as she clearly did own it, except as is hereafter to be stated.

The evidence shows that $400 of the purchase money for this property, which was originally conveyed to Susan M. Conian, was furnished by Leon A. Potter, and therefore the title held by Susan M. Conian in trust was to the extent of $400 held in trust for Leon A. Potter, and Leon A. Potter is the man who negotiated with Veelman and under whose direction Veelman conveyed his property to Blase. Whatever rights, therefore,

Leon A. Potter had in this property is the property of Veelman, because Veelman has paid for the entire property, and he must have so much of it as belonged to the man to whom or for whom he made the payment, to-wit: Leon A. Potter. Besides this, Veelman has paid certain taxes on the property, and has paid interest upon a note secured by mortgage on this property, and to the extent of such payments, he is entitled to be protected.

The decree of the court here will be practically what it was below, that is, that the title of the plaintiff in the premises is quieted as against the defendant Henry Veelman, subject to the lien of $400 which was the interest of Leon A. Potter in the premises; the taxes paid by Veelman, the amount paid by Veelman on the mortgage indebtedness, with interest on the sums so paid from the first day of June, 1911; and if such liens of Veelman shall be paid on or before the first day of March, 1912, plaintiff's title will be perfected as against Veelman. The rights of the mortgagees can be determined and fixed, as there. is no dispute about those rights.